No. 453

TYLER, Admr. v. McCARLEY, Admr.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1535.   Decided March 5, 1927

225. CHARGE TO JURY—Presumptions— Not error for court to refuse to charge that there is a presumption of law that a person being the owner of an automobile, was also the driver thereof at the time of a collision, there being another person in the machine at such time.

480. EVIDENCE—Statute permitting report of accident, which occurs at railway crossing, by Industrial Commission, applies only to orders of the Commission and not to reports containing evidential matters, submitted to the Commission by railroad officials.

First Publication of this Opinion

ALLREAD, J.

This case grew out of a collision between the automobile in which L. W. McCarley, the defendant's decedent and Lucretia Tyler, the plaintiffs decedent were riding, and a train of the Hocking Valley Railway Co. at a crossing over the tracks of the company. Both occupants of the automobile were instantly killed.

Tyler, administrator, brought this action against McCarley, administrator, in the Franklin Common Pleas alleging that McCarley, deceased, was the owner and driver of the auto Common Pleas alleging that McCarley, deceased, was the owner and driver of the automobile, in which Tyler, deceased was riding as a guest and was guilty of negligence in the operation of his machine. The answer set forth that the car was being driven by Lucretia Tyler and not by McCarley, at the time of the collision.

Judgment was rendered in favor of McCarley and error was prosecuted to the Court of Appeals which held:

1. The trial court refused to give a special charge requested by the plaintiff to the effect that there was a presumption of law that McCarley being the owner of the car, was also the driver of same at the time of the accident. This charge was properly refused.

2. The charge, requested by McCarley, that the burden of proof was upon Tyler to prove that McCarley, deceased, was driving the car at the time of the accident was proper, since Tyler based his whole case on the averment that McCarley was negligent in driving the car.

3. Testimony of one Brandt, that Mrs. Tyler was driving the car past his place about two hours prior to the accident, was competent evidence upon the issue as to who was the driver of the car; and testimony of a remote character, that Mrs. Tyler was accustomed to drive the car even when McCarley was an occupant, would be corroborative, even though such evidence was put on after Brandt's.

4. The court admitted in evidence the report made by the Railway Co. to the Industrial Commission, and in which was stated that McCarley was the driver. This ruling was favorable to Tyler, but it is important in considering the sufficiency of the evidence to determine whether such evidence was actually competent.

5. The statute under which this report was offered applies only to orders of the Industrial Commission and not to reports containing evidential matters so that in determining the weight and sufficiency of the evidence, said report will be ignored.

Judgment therefore affirmed.

(Ferneding & Kunkle, JJ., concur.)

Attorneys—Frank S. Monnett for Tyler; C. E. Schumacher for McCarley; all of Columbus.